UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THOMAS E. PEREZ, Secretary of Labor,
United States Department of Labor,

    Plaintiff,

v.                                                Case No: 2:14-cv-67-FtM-38CM

GAIL GARROW, individually, IAQ, INC., and IAQ, INC. 401(K) PLAN,

    Defendants.
_____/

## CONSENT JUDGMENT

This matter comes before the Court on Proposed Consent Judgment and Order (Doc. #3) filed on February 7, 2014. This is a case brought pursuant to the Employee Retirement Income Security Act of 1974. Plaintiff, Secretary of Labor, United States Department of Labor, informs the Court that Plaintiff and Defendants have agreed to resolve all matters in controversy in this action through a consent order. Defendants have consented to the entry of the judgment and order by this Court and the Proposed Consent Judgment and Order is signed by both Parties.

Fed. R. Civ. P. 41(a)(1)(A) provides that an action may be dismissed by the plaintiff without order of the court by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared. As the Parties are in agreement, this matter will be dismissed and judgment will be entered.

Accordingly, it is now

**ORDERED:**

(1) This matter is **DISMISSED without prejudice** and judgment will be as follows.

(2) The Court has jurisdiction over the parties to this Order and the subject matter of this action and is empowered to provide the relief herein.

(3) Defendants IAQ and Garrow, their agents, servants, employees and all persons in active concert or participation with them be and they hereby are permanently enjoined and restrained from violating the provisions of Title I of ERISA.

(4) Defendants IAQ and Garrow are hereby permanently enjoined from acting and/or serving as an administrator, fiduciary, officer, trustee, custodian, counsel, agent, employee, adviser, consultant, or representative in any capacity that involves decision making authority or custody or control of the monies, plans or assets of any employee benefit plan or assets covered by Title I of ERISA;

(5) As a result of their fiduciary breaches, Defendants IAQ and Garrow have caused Plan losses of $155,332.77 (which includes lost earnings), for which they are jointly and severally liable.

(6) Defendant Garrow has made restitution to the Plan in the amount of $155,332.77 (representing a principal amount of $132,620.98 and lost earnings thereon of $22,711.79).  By and through her counsel, Defendant Garrow has provided Plaintiff's counsel confirmation that this amount has been paid into an interest-bearing account.

(7) This amount of $155,332.77 (including interest accrued since the restitution payment referenced in paragraph 5 was made) will be distributed to all participants and beneficiaries and former participants and beneficiaries

(identified in Exhibit A, attached hereto), with the exception that none of said sum shall be distributed to Mark Garrow and Defendant Garrow.

(8) Defendant Garrow expressly agrees to waive any and all interest that she may have in the amount specified in paragraph 6.

(9) By her signature included on the Proposed Consent Judgment and Order (Doc. #3), Defendant Garrow affirms that she was married to Mark Garrow, who is deceased. She further affirms that she waives any and all interest that Mark Garrow may have in the amount specified in paragraph 6.

(10) Since Defendants IAQ and Garrow have paid the amount owed, they do not owe and shall not pay to the Department of Labor the civil money penalty assessed pursuant to ERISA § 502(1)(2), 29 U.S.C. § 1132(1)(2).

(11) Jeanne Bryant of Receivership Management, Inc., 783 Old Hickory Blvd., Suite 255, Brentwood, TN 37027, Tel: 615-370-0051; Fax: 615-373-4336, is hereby appointed as successor fiduciary for the Plan and:

(a) The successor fiduciary shall ensure that the Plan is terminated and provide written confirmation of such to Plaintiff, through his undersigned legal representative.

(b) The successor fiduciary shall distribute the Plan's cash assets of $155,332.77 (including interest accrued since the restitution payment referenced in paragraph 5 was made) to the Plan's participants and beneficiaries, excluding Mark Garrow and Defendant Garrow, as delineated in Exhibit A (attached hereto), as soon as possible.

(c) The successor fiduciary shall have all the rights, duties, and responsibilities of any fiduciary or trustee described under the Plan documents or the applicable law, with respect to the successor fiduciary's duties, unless otherwise specified in this Order.

(d) The successor fiduciary is authorized to delegate or assign fiduciary duties as appropriate and allowed under the law.

(e) Defendant Garrow shall pay any and all reasonable costs, fees, and expenses associated with the appointment of and the services provided by the successor fiduciary. Prior to obtaining payment for services and expenses authorized pursuant to this Order, the successor fiduciary shall file with the Court, with copies to all parties, invoices for such fees and expenses at such times and on such a schedule as the successor fiduciary, in her sole discretion, deems appropriate. Defendant Garrow acknowledges and agrees that the invoice will be considered properly delivered if it is deposited in the United States mail, addressed to: Gail Garrow, P.O. Box 306, Captiva, FL 33924.

(f) If no party or the Court objects within 15 days of service of any invoice, full payment of such invoice shall be made by Defendant Garrow to the successor fiduciary as set forth in Sub-Paragraph (e), and received by the successor fiduciary, not later than the 16th day following the date of the invoice. Interest shall accrue on any past due amount at the rate of 18% per annum, compounded daily. Defendants IAQ and Garrow shall be responsible, jointly and severally, for all costs, including reasonable attorneys' fees and expenses, incurred by the successor fiduciary and/or the Plan in the course of collecting

such past due amounts. If any party or the Court objects to any payment, the matter should be resolved by the Court prior to payment.

(g) Defendants IAQ and Garrow shall deliver or otherwise make available to the successor fiduciary any information, documents, files or other compilations that are in her possession, custody, and control wherever and however stored, that are reasonably necessary to perform the duties of the successor fiduciary.

(h) The successor fiduciary is authorized to give instructions respecting the disposition of assets of the Plan, including, but not limited to, termination of the Plan and distribution of the Plan's assets to the participants and beneficiaries consistent with this Order.

(i) The successor fiduciary in the performance of her duties may retain such assistance as she may require, including attorneys, accountants, actuaries and other service providers;

(j) The successor fiduciary or her agents, employees or representatives may not be held personally responsible for any claims against the Plan which existed, arose, matured or vested prior to the appointment of the successor fiduciary; and

(k) The successor fiduciary is to comply with all applicable rules and laws.

(12) This Order resolves all claims of Plaintiffs Complaint with the following exceptions:

5

(a) This Order does not affect or bind any governmental agency other than the United States Department of Labor and only resolves claims arising out of this action as between the Secretary and Defendants IAQ and Garrow.

(b) This Court retains jurisdiction for purposes of enforcing compliance with the terms of this Order.

(13) Each party shall bear its own costs and expenses, including attorneys' fees, arising in connection with any stage of the above-referenced proceeding including, but not limited to, attorneys' fees which may be available under the Equal Access to Justice Act, as amended.

(14) The Clerk is directed to enter judgment accordingly, terminate all previously scheduled deadlines and pending motions, and **CLOSE the file**.

**DONE** and **ORDERED** in Fort Myers, Florida this 11th day of February, 2014.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record