UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THOMAS E. PEREZ, Secretary of
Labor, United States Department of
Labor,

       Plaintiff,

v.                                                   Case No: 2:14-cv-67-FtM-38CM

GAIL GARROW, individually, IAQ,
INC., and IAQ, INC. 401(K) PLAN,

       Defendants.
_____/

# **ORDER**[1]

This matter comes before the Court on the Second Report and Fee Application of Costs and Expenses of the Successor Fiduciary of the IAQ, Inc. 401K Plan (Doc. #9) filed on July 10, 2014.

On February 4, 2014, Plaintiff Secretary of Labor brought this action pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et. seq.*, alleging Defendants IAQ, Inc. and Gail Barrow breached their fiduciary duties with respect to the IAQ, Inc. 401(k) plan (hereinafter the "Plan"). The parties reached a settlement on February 10, 2014 (Doc. #3), to which the Court issued a Consent Judgment and Order

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

(Doc. #5) on February 11, 2014.  In that Order, the Court appointed Jeanne Barnes Bryant as the successor fiduciary of the Plan ("Successor Fiduciary") and directed Defendant Garrow to pay all reasonable costs, fees, and expenses associated with the Successor Fiduciary's services.  (Doc. #5).  Before receiving payment, the Court requires the Successor Fiduciary to submit an invoice(s) for any costs, fees, and expenses incurred.  (Doc. #5).  If no party or the Court objects to the invoice within 15 days of it being served, Defendant Garrow must pay that invoice in full.  (Doc. #5 at 4).

The Successor Fiduciary has submitted for fees and expenses totaling $2,845.17 that were incurred between April 1, 2014, and June 30, 2014, (Doc. #9).  In support, the Successor Fiduciary attaches a schedule of the hourly rates for her and contract staff at Receivership Management, Inc. and expense summaries and time sheets (Doc. #9-2).  The Court, however, objects to the accuracy of the Successor Fiduciary's requested fees.  According to the Successor Fiduciary's invoices, she seeks $1,095.00 in fees for April 1, 2014 to June 30, 2014.  (Doc. #9-2).  That amount, however, includes $315.00 in fees for the Successor Fiduciary's services between February 11, 2014 and February 17, 2014.  (Doc. #9-2 at 3).  The Successor Fiduciary offers no explanation as to why she has included those fees; and the Court has already granted her fees and costs from February 2014 through March 2014 (Doc. #8).

Accordingly, it is

**ORDERED:**

The Second Report and Fee Application of Costs and Expenses of the Successor Fiduciary of the IAQ, Inc. 401K Plan (Doc. #9) is **DENIED without prejudice**.  The Successor Fiduciary, Jeanne Barnes Bryant, may refile an amended Second Report and

Fee Application of Costs and Expenses of the Successor Fiduciary of the IAQ, Inc. 401K Plan by **August 1, 2014**.

**DONE** and **ORDERED** in Fort Myers, Florida this 25th day of July, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record