UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

FORT MYERS DIVISION

THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor,

        Plaintiff,

v.                                          Case No: 2:14-cv-67-FtM-38CM

GAIL GARROW, individually, IAQ, INC., and IAQ, INC. 401(K) PLAN,

        Defendants.
_____/

**ORDER**[1]

This matter comes before the Court on the Amended Second Report and Fee Application of Costs and Expenses of the Successor Fiduciary of the IAQ, Inc. 401K Plan (Doc. #11) filed on August 11, 2014.

On February 4, 2014, Plaintiff Secretary of Labor brought this action pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et. seq.*, alleging Defendants IAQ, Inc. and Gail Barrow breached their fiduciary duties with respect to the IAQ, Inc. 401(k) plan. The parties reached a settlement on February 10, 2014 (Doc. #3), to which the Court issued a Consent Judgment and Order (Doc. #5) on February 11,

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

2014.  In that Order, the Court appointed Jeanne Barnes Bryant as the successor fiduciary of the Plan ("Successor Fiduciary") and directed Defendant Garrow to pay all reasonable costs, fees, and expenses associated with the Successor Fiduciary's services.  (Doc. #5).  Before receiving payment, the Court required the Successor Fiduciary to submit an invoice(s) for any costs, fees, and expenses incurred.  (Doc. #5).  If no party or the Court objects to the invoice within 15 days of it being served, Defendant Garrow must pay that invoice in full.  (Doc. #5 at 4).

On July 10, 2014, Plaintiff filed a Second Report (Doc. #9) seeking $2,845.17 in fees for April 1, 2014 to June 30, 2014.  (Doc. #9-2).  That amount, however, included fees for the Successor Fiduciary's services between February 11, 2014 and February 17, 2014.  (Doc. #9-2 at 3).  The Court objected to the accuracy of the requested fees, as it had already granted the Successor Fiduciary fees and costs from February 2014 through March 2014 (Doc. #8).  Although the Court denied the Second Report (Doc. #9), it permitted the Successor Fiduciary to file an amended report on or before August 1, 2014. (Doc. #10).

In response to the Court's Order (Doc. #10), the Successor Fiduciary now submits for fees and expenses totaling $2,507.07 that were incurred between April 1, 2014, and June 30, 2014 (Doc. #11).[2]  In support, she attaches a schedule of the hourly rates for her and contract staff at Receivership Management, Inc. and expense summaries and time sheets (Doc. #11-2).  Defendants have not objected to the invoice, and the time to do so has expired.

---

[2] To clarify the confusion created in the Second Report (Doc. #9), the Successor Fiduciary explains "the amounts for February 2014 were inadvertently left out of the first report, but rather than add them back at this point, [she] has chosen to remove them from the filing."  (Doc. #11 at 2).

After reviewing the Amended Second Report and Fee Application of Costs and Expenses of the Successor Fiduciary of the IAQ, Inc. 401K Plan ([Doc. #11](#)) and the attached documents, the Court finds the reported fees and expenses are reasonable.[3]

Accordingly, it is now

**ORDERED:**

The Amended Second Report and Fee Application of Costs and Expenses of the Successor Fiduciary of the IAQ, Inc. 401K Plan ([Doc. #11](#)) is **GRANTED**. Defendant Gail Garrow shall pay Jeanne Barnes Bryant, the Successor Fiduciary, **$2,507.07** on or before **September 4, 2014**, in accordance with the Court's Order dated February 11, 2014 ([Doc. #5](#)).

**DONE** and **ORDERED** in Fort Myers, Florida this 27th day of August, 2014.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

---

[3] The Court set August 1, 2014, as the Successor Fiduciary's deadline to file the Amended Second Report and Fee Application of Costs and Expenses of the Successor Fiduciary of the IAQ, Inc. 401K Plan. ([Doc. #10 at 2-3](#)).  Without explanation, the Successor Fiduciary filed the Amended Second Report two weeks after that deadline.  ([Doc. #11](#)).  Although the Court is inclined to excuse the Successor Fiduciary's first instance of untimeliness, it will not be so inclined in the future.  The Court's deadlines are not suggestions that can be ignored.