UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THOMAS E. PEREZ, Secretary of
Labor, United States Department of
Labor,

       Plaintiff,

v.                                Case No:   2:14-cv-67-FtM-38CM

GAIL GARROW, individually, IAQ,
INC., and IAQ, INC. 401(K) PLAN,

       Defendants.
_____/

### **ORDER**[1]

This matter is before the Court on the Third Report and Fee Application of Costs and Expenses of the Successor Fiduciary of the IAQ, Inc. 401K Plan (Doc. #13) filed on December 15, 2014.

On February 4, 2014, the Secretary of Labor brought this action under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et. seq.*, alleging Defendants IAQ, Inc. and Gail Barrow breached their fiduciary duties with respect to the IAQ, Inc. 401(k) plan. The parties settled on February 10, 2014 (Doc. #3), to which the Court issued a Consent Judgment and Order (Doc. #5) on February 11, 2014. In that Order, the Court appointed Jeanne Barnes Bryant as the successor fiduciary of the Plan

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

("Successor Fiduciary") and directed Defendant Garrow to pay all reasonable costs, fees, and expenses associated with the Successor Fiduciary's services. ([Doc. #5](Doc. #5)). Before receiving payment, the Court required the Successor Fiduciary to submit an invoice(s) for any costs, fees, and expenses incurred. ([Doc. #5](Doc. #5)). If no party or the Court objects to the invoice within 15 days of it being served, Defendant Garrow must pay that invoice in full. ([Doc. #5 at 4](Doc. #5 at 4)).

On December 15, 2014, Plaintiff filed a Third Report seeking $3,732.99 in fees incurred from July 1, 2014 to November 30, 2014. ([Doc. #13 at 2-3](Doc. #13 at 2-3)). In support, she attaches a schedule of the hourly rates for her and contract staff at Receivership Management, Inc. and expense summaries and time sheets. ([Doc. #13-2](Doc. #13-2)). Defendants have not objected to the invoice, and the time to do so has expired.

After reviewing the Third Report and Fee Application of Costs and Expenses of the Successor Fiduciary of the IAQ, Inc. 401K Plan and the attached documents, the Court finds the reported fees and expenses to be reasonable.

Accordingly, it is now **ORDERED:**

The Third Report and Fee Application of Costs and Expenses of the Successor Fiduciary of the IAQ, Inc. 401K Plan ([Doc. #13](Doc. #13)) is **GRANTED**. Defendant Gail Garrow must pay Jeanne Barnes Bryant, the Successor Fiduciary, **$3,732.99** on or before **January 12, 2015**, in accordance with the Court's Order dated February 11, 2014.

**DONE** and **ORDERED** in Fort Myers, Florida this 5th day of January, 2015.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record